49 CCPA

**Application of Ralph BRUNSTING and Clarence M. Casselman.**

**Patent Appeal No. 6721.**

United States Court of Customs and Patent Appeals.

Nov. 17, 1961.

Earl & Webb, Otis A. Earl, Kalamazoo, Mich., for appellant.

Clarence W. Moore, Washington, D. C. (Joseph F. Nakamura, Washington, D. C., of counsel) for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

MARTIN, Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of claims 3, 6 and 7 of appellants' application for a patent on a "Wall Fixture Mounting." Claim 4 is no longer before us because the appeal as to it has been withdrawn. Three claims were allowed by the examiner.

Claim 6 is illustrative and reads as follows:

"6. The combination with a fixture having a dished portion adapted to be positioned in an opening in the front wall of a chambered wall of a building and supportedly engageable with the outer side of the front wall, a U-shaped holder member insertable through the opening in the wall and engageable with the inner side of the wall in opposition to the portion of the fixture engageable with the outer side of the front wall, resilient means carried by said holder member and projecting rearwardly therefrom for engagement with the rear wall of the chambered wall for supporting the holder member in its adjusted position to facilitate the mounting of the fixture, and means for mounting the fixture on the holder member, said means including a screw having threaded engagement with said holder member."

The references relied on by the examiner and the board are:

Caine 1,156,885 Oct. 19, 1915; Grant 2,546,820 Mar. 27, 1951; Connett 2,703,663 Mar. 8, 1955.

This application relates to mounting a recessed wall fixture in a blind opening in one wall of a double or chambered building wall. The specific fixture disclosed is a holder for a roll of toilet paper and is provided with an outer flange which will overlap the wall opening and bear against the room wall surface, a semicircular trough which will extend through the opening to a depth about equal to the radius of an unused roll of paper, and two ears disposed on the flange so that they can serve as bearings for a spindle on which the paper roll will rotate partly within said trough. One or more screw holes are provided in the bottom of the trough.

Each of the appealed claims recites the combination of a fixture with means for mounting it in a wall opening. The specific means disclosed comprises a rigid U-shaped strap with flat lateral extensions at each end of the U and a compressible coil spring attached to and projecting down from the base of the U. The strap is inserted in the blind opening and is positioned in the space between the two walls so that the U-shaped portion of the strap bridges the opening and the lateral extensions press flat against the inner surface of the wall near the opening. The coil spring is of such size that it engages with compression the surface of the second wall opposite the opening, thereby holding the strap temporarily in bridged position over the opening. Longitudinal slots are provided in the base of the U so that sheet metal screws may be inserted through the fixture trough holes and into these slots. Turning these screws causes the U-shaped strap and the fixture to be drawn toward each other, thereby clamping the wall between the fixture flange and the lateral extensions of the holding strap. At this point, installation of the fixture is complete.

The fixture and the holding means are recited in the three appealed claims with varying degrees of specificity.

The Connett patent is entitled "Closure Plate Holding Means" and relates specifically to covering a hand access hole

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge O'CONNELL, pursuant to provisions of Section 294(d), Title 28 United States Code.

in a chambered side wall of an internal combustion engine. Connett uses a metal "strong-back" bar to secure a closure plate over the hand-hole. The bar disclosed by Connett has flat ends and an arched mid-section, and is positioned in the chamber between an inner and an outer engine wall so that it forms an arched bridge over the hand-hole with the flat ends of the bar pressing flat against the inner surface of the outer engine wall near the hand-hole, and the arch directed toward the interior of the engine. A flat or coil spring attached to and projecting upward from the arch of the bar engages with compression the surface of the inner engine wall, thereby holding the bar temporarily in a bridged position over the hole. A dished flanged closure plate is then placed in position over the hole so that the contour of the plate matches the arch of the bar, and a bolt is inserted through a central hole in the plate until it engages a threaded hole in the center of the bar arch. Turning the bolt draws plate and bar together, thereby clamping the outer engine wall between plate flange and bar ends. With regard to the general applicability of his closure plate holding means, Connett states:

> " * * * The invention is useful * * * in other situations where the bar is an interior part and so can not be held in position by hand during seating of the closure, and where (as in the diesel engine mentioned) there is an inner structure that provides a suitable support adjacent the hole for positioning the bar.
>
> * * * * * *
>
> "This same idea of a strong-back bar providing a base for the closure-plate securing means, and having a spring means to bear on a fixed inner part of the structure inboard from the hole, may be used in other structures having hand-holes, inspection plates, valve covers, or other openings in an outer casing. * * * "

The Grant patent discloses a conventional toilet paper roll fixture for recessed wall mounting with outer flange, semicircular trough, and spindle bearing ears, all substantially as disclosed by appellants. Grant does not specify means for mounting his fixture, stating merely that it is "arranged to be recessed within a bathroom or lavatory wall * * *, all in accordance with well known practice."

Caine discloses supporting brackets to be used in mounting electrical outlet and switch boxes within chambered building walls. The brackets are rigid U-shaped straps with flat lateral and extensions and longitudinal slots in the base of the U, and are apparently generally similar in shape and dimensions to the holding straps disclosed by appellants. Outlet and switch boxes are attached to the brackets with bolts through the bracket slots.

The board found that the Connett patent provides "substantial response" for the requirements of claim 6, regarding the mounting bar of Connett as "substantially satisfying" the "U-shaped holder member" of this claim. The board was of the opinion that the recitation of a "building" in claim 6 was not of patentable significance since the term appears merely in an "adapted" clause.

Claim 3 differs from claim 6 largely in structural limitations as to the "fixture." The board was of the opinion that these structural details were shown by Grant and that "there would be no invention involved [i. e., it would be obvious] in mounting such toilet roll holder * * * by an arrangement of the type shown in Connett * * * ."

Claim 7 differs from claims 3 and 6 largely in the recitation of "elongated openings" in the holder member and a coil spring as a limitation on the "resilient means" recited in claim 6. The board pointed out that use of a coil spring is specifically disclosed by Connett and expressed themselves regarding the elongated openings as follows:

" * * * the provision of the same to avoid precise alignment procedures is an old and well known mechanical expedient, as exemplified by Caine, as well as by their common use in conventional brackets for automobile license tags, and the use of the same in conjunction with a fastening arrangement such as shown in Connett, together with plural screw threaded fasteners rather than merely a single such fastener, would in our opinion be but an obvious matter falling well within the realm of ordinary mechanical skill. * * *."

The principal issue in this case is the relevancy of the Connett reference since the basic concept of appellant's invention is found in that patent. Although primarily that patent is directed toward the Diesel, gasoline and gas engine art, the wording of the Connett specification heretofore quoted is convincing enough that the patent refers generally to the closure art.

Appellant contends, however, that even if this is so, it is unreasonable to assume that one striving to solve the problem of firmly mounting a toilet roll holder to a wall without the use of frames, clamps or mortar would endeavor to find a solution in the closure art. Hence the Connett patent is in a nonanalogous art and not valid as a reference. We disagree with appellant, as it appears to us that the basic problem involves the coverage of a hole in a hollow or chambered wall. Whether it be purely a closure as defined in Connett or a receptacle which is made to fit in the hole thereby covering it, it is not unreasonable to expect one skilled in the art of making mountable wall receptacles to find a solution to his problem in the closure art. As a matter of fact, the concept of appellant's invention in this regard does not seem to be beyond the scope of what one might expect of a skilled artisan in this field even without Connett's teachings. In any event, we think the Connett patent is a valid reference and the modifications necessary to make it applicable here are insignificant.

Coming now to the particular claims on appeal, we turn first to claim 3. All the major features of that claim encompassing the receptacle we find in Grant, and all those pertaining to the mounting means are seen in Connett with minor modifications. There is no question that Connett's closure plate has an "outturned flange" and an "outwardly facing and inwardly offset dished portion" as recited in claim 3. Although Connett does not specify that his closure plate be "elongated" as recited in claim 3, to make it so is not beyond the skill of an ordinary mechanic. Although appellant in this claim calls for the "dished portion * * * to be positioned in an opening in the front wall of a chambered wall of a building * *. * " we find Connett's specification does not exclude such an environment for his device. We therefore affirm the board's rejection of claim 3.

As to claim 6, since it does not include the toilet roll holder feature per se, we think it reads on Connett alone. We therefore affirm the board's rejection of that claim also.

The additions in claim 7 are without patentable significance. The "elongated openings" of the holder member are shown in Caine's brackets, and multiple screw openings are shown in Caine's outlet and switch boxes. The use of a coil spring is specifically disclosed by Connett. Therefore, we affirm the board's rejection of claim 7.

In view of the above, we affirm the decision of the board.

Affirmed.